Gunter, J.
Plaintiff sued to recover the value of engineering services alleged to have been rendered at defendants ’ request, had verdict and judgment against them, and therefrom they appeal. That the services were at their joint request defendants denied.
It is here contended that there was no evidence that McCandless individually o.r jointly with his co-defendants requested of plaintiff the performance of the services in.question. If this be true the judgment should be reversed.
The evidence was the testimony of plaintiff, a telegram, “Exhibit A,” letters, “Exhibits G, D and E,” testimony of defendants, W. K. Johnson, W. E. Johnson and J. A. McCandless.
Plaintiff, .a civil engineer, residing in Denver, there received,- January 14, this telegram :
“Florence, Colo., Jan. 14,1894.
“To "W. B. Lawson, * * * Come to Florence to-morrow. Bring transit, level and all data necessary to make survey and estimate for electric light, electric belt railway and water works. Be prepared to stay a month at least. "W. K. Johnson. ”
The night of the next day in obedience to this message plaintiff left for Florence, reaching there the following morning, where -he reported to defendant W. E. Johnson, thinking the message signed by him. W. E. Johnson referred 'him to defendant W. K. Johnson as the proper party, to whom plaintiff then went. W. K. Johnson told plaintiff he would be busy that day and could not then show him the work contemplated. Plaintiff said if the proposed line of railway could be shown him he could employ his time examining it. W. K. Johnson said, in substance, *299 there is McCandless — pointing to him — he will show yon the line. Plaintiff knew McCandless, went to him, and requested to he shown the line of. the proposed -railway. McCandless consented,, and drove plaintiff over the line of the survey.
In the early part pf December preceding the date of the above telegram,, plaintiff saw in a newspaper what purported to be a dispatch from Florence mentioning some enterprise, and in connection with it the name of defendant McCandless. The contents of the dispatch were not in evidence, nor was there any evidence.as to what enterprise the dispatch referred, or what McCandless’s connection with it was supposed to be. Thereupon plaintiff wrote McCandless requesting employment on the proposed work. He received no reply. When, as above stated, he went to McCandless, on the suggestion .of W. K. Johnson, with the request to be shown the line of the contemplated railway, plaintiff testified that Mc-Candless said: “Mr. Lawson I received your letter some time ago, but I did not answer it because we were not ready to go on with the work, but we think now we are in shape to-do so.” In the course..of the drive over the line of the surveyed ro.ad, plaintiff suggested improvements in its proposed location which ought to be made provided nothing in the fran: ehise' or right of way would prevent. McCandless said the land over, which the. survey r.an was owned bv a coal company and that they .could .get the right of way .for the changes as well as fox. the road- surveyed. .
Letters “Exhibits G, D and E” contain nothing material to the alleged liability of. McCandless. ,,
'The foregoing testimony is all upon which plaintiff relied .to charge defendant McCandless...
The uncontradicted, testimony of.'W;. ,iL. Johnson. was...¡that;-he-resided in Florencep'-the town was *300 prosperous, he thought it would be more so, he concluded to have surveys, plans and estimates made for an electric light plant, a water works plant, and an electric railway with the view of organizing three corporations, obtaining rights of way and franchises and then interesting capital and making some money for himself out of promoting the several enterprises. With this object he telegraphed plaintiff as above, and had him perform the services involved. Further, that he sent the telegram at his own instance, that he had no authority from MeCandless to employ plaintiff, and that MeCandless had no interest in the undertaking.
The uncontradicted testimony of MeCandless was, that he did not authorize the employment of plaintiff, and was not interested in the work upon which he was engaged, that he had resided in Florence thirty years, was acquainted with its surroundings, was a large property holder there, that he frequently drove parties out and showed them the resources of the town as a matter of courtesy, that such was his act in driving plaintiff out, and that he had no further connection with him during the two and one-half months he was engaged in performing the services in question, that he at no time said anything to plaintiff about doing for him the work in question. He further testified that he did not receive the letter mentioned by plaintiff as having been written from Denver.
The testimony of W. E. Johnson, so far as it has any materiality to, the alleged liability of Mc-Candless, in no degree corroborates the testimony of plaintiff, but inferentially supports that of W. K. Johnson and MeCandless.
Plaintiff under cross-examination testified that MeCandless did not say anything to him about working for him; when asked if MeCandless was in any *301 way interested with the Johnsons in the work in question he stated that he had no definite information, but inferred from his actions that he had.
There is no conflict in the evidence that Mc-Candless did not employ plaintiff, did not authorize his employment, and was not interested in the work upon which he was engaged. Plaintiff says, however, that McCandless gave him reasonable grounds for believing that he was one of the parties employing him, that he relied thereon, and that defendant is now estopped to deny that he was one of the said parties.
“The representation further to justify a prudent man in acting upon it, must be plain, not doubtful, or matter of questionable inference. Certainty is essential to an estoppel. ’ ’ — Bigelow on Estoppel, 4th ed., 559.
There is no substantial evidence to satisfy this requirement of the law. Showing plaintiff the line of survey at request of Johnson is entirely consistent with McCandless having no interest in the enterprise, and in his having no intention to employ plaintiff thereon. His remark in effect, I did not answer your letter because we were not ready to go on with the work, but we think now we are in shape to do so, is of no value because of the uncertainty as to what it referred. As stated above the contents of the dispatch, necessary to understand the remark were not before the jury, and what enterprise is referred to is not known. At best such remark of McCandless— if made — could simply create a suspicion that he had some interest in the work upon which plaintiff was entering.
There was no evidence upon which to base a verdict against McCandless. As the judgment must be reversed for this reason, we express no opinion as to *302 the sufficiency of the evidence against W. E. Johnson.
Judgment reversed. Reversed.